FILED MHN
JAN 1 4 2008 aw
1-14-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | HON. NAN R. NOLAN |
| Plaintiff-Respondent, | ) | UNITED STATES MAGISTRATE JUDGE |
| -vs- | ) | CASE NO. 07-C-6661 |
| FRANK RODRIGUEZ, | ) | HON. JAMES F. HOLDERMAN |
| Defendant-Movant. | ) | UNITED STATES DISTRICT JUDGE |

## MOVANT'S MOTION FOR DEFAULT JUDGMENT

NOW COMES the defendant-movant, FRANK RODRIGUEZ, in pro se, and respectfully moves This Honorable Court for a DEFAULT JUDGMENT, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. In support of this Motion, Movant states as follows:

1. Movant filed a timely motion under Title 28 U.S.C. Section 2255 to Vacte, Set Aside, or Correct Sentence. See 28 U.S.C. Section 2255.

2. On November 29, 2007, this Court, Hon. James F. Holderman presiding, issued an Order directing the government to file a response by December 20, 2007. See Order to Respond, dated 11-29-2007, attached as Appendix 1.

3. The attorney for the Government failed to file any responsive pleading as of December 20, 2007.

4. Movant waited to determine whether the attorney for the Government would request an extension of time in which to file a response on behalf of the United States.

5. As of January 7, 2008, neither a response nor a Motion for an Extension of Time had been filed by the United states.

(1)

Declaration In Support of Judgment By Default, attached as Appendix 2.

A. Argument

"While the entry of a default judgment should be used sparingly, we see no need to impose a requirement that prevents a district court from imposing that sanction if, under the circumstances, it is warranted. The Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves. A district court is not required to fire a warning shot; ..." United States v. DiMucci, 879 F.2d 1488 (1989), quoting Hal Commodity Cycles Mgmt. Co. v. Kirsh, 825 F.2d 1136,1138-39 (7th Cir. 1987).

In the instant case, Movant alleged in his Section 2255 motion that he had been denied the effective assistance of counsel when his attorney gave him deficient advise to plead guilty to a conspiracy to distribute cocaine base, when in fact, Movant had only agreed to a distribution of cocaine powder, and that counsel's advice had come without properly investigating the facts and the law applicable to this case. Movant agrees he entered a criminal agreement to distribute cocaine powder.

The United States has failed to respond to Movant's allegation that he had been denied his Sixth Amendment guarantee in a criminal case and is therefore entitled to have his sentence vacated. If this Court were to agree that the law in relation to the facts of this case indicates that counsel's advise to plead

(2)

guilty to a cocaine base "crack" conspiracy was "objectively unreasonable" under the <u>Strickland</u> standard, and that Movant was prejudiced in the sentence he received as a result of counsel's error, then Movant would be eligible for <u>immediate release</u> from prison by reason that he has served the maximum of any applicable sentence based on 84 grams of cocaine powder of which represents his full culpability under the facts of this case. Hence, Movant is prejudiced by the Government's failure to respond to this Court's <u>Order</u>, dated November 29, 2007, because Movant is entitled to relief on his ineffective assistance of counsel claim, described above.

The United States clearly could have, but failed to, respond in some manner to alert the Court, and Movant, that a response was forthcoming at a specified time. While Movant will not attribute negative meaning to the failure to respond, that is, without knowing the precise reason, the Government's actions does constitute "a clear record of delay or contumacious conduct," <u>Webber v. Eye Corp</u>, 721 F.2d 1067,1069 (7th Cir.1983). It is therefore within this Court's discretion to enter an order of default, and Movant moves the Court to do so absent any reason showing excusable neglect on the part of the United States.

Based on all of the above, Movant respectfully request the Court to grant this Motion for Default Judgment.

Respectfully submitted,

*Frank Rodriguez*
Frank Rodriguez

(3)

## CERTIFICATE OF SERVICE

I, Frank Rodriguez, hereby certify that a true and correct copy of the foregoing "Movant's Motion For Default" along with appendixes were served on Christopher D. Niewoehner, Assistant U.S. Attorney, Everett McKinley Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois 60604, via the U.S. Postal Service, first class postage prepaid, and served on this the 8th day of January, 2008.

Frank Rodriguez
Reg. No. 13950-424
FCI Beckley
P.O. Box 350
Beaver, WV 25813

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6661 | **DATE** | 11/29/2007 |
| **CASE TITLE** | United States of America vs. Frank Rodriguez | | |

**DOCKET ENTRY TEXT**

Frank Rodriguez's motion under § 2255 to vacate, set aside or correct sentence is taken under advisement. The government is given to December 20, 2007, to file a response. Reply is due January 18, 2008. The court will rule by electronic entry and provide petitioner Rodriguez a copy by mail.

Notices mailed.

**STATEMENT**

Courtroom Deputy Initials:

APPENDIX 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>-vs-<br><br><br>FRANK RODRIGUEZ,<br><br>    Defendant-Movant. | CASE NO. 07-C-6661<br><br><br>HON. JAMES F. HOLDERMAN<br>UNITED STATES DISTRICT JUDGE |

### DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

I, Frank Rodriguez, pursuant to Title 28, United States Code, Section 1746, make the following statements:

1. I make the following statements based on my personal knowledge of events related herein.

2. I am the defendant-movant in the above styled case.

3. I filed a motion in this Court under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct.

4. I received from the Clerk of this Court a copy of an Order issued by this Court on November 29, 2007, directing the Government to file a response to my Section 2255 motion by December 20, 2007, and giving me until January 18, 2008 to file a reply to the Government's response.

5. As of January 8, 2008, I <u>have not</u> been served <u>any</u> response, Motion for Extension of Time, or other pleading from the United States Attorney's Office for the Northern District of Illinois.

6. I raised a claim of ineffective assistance of counsel in my Section 2255 motion, and I believe my claim is both meritorious and would entitled me to be released from prison if the Court rules in my favor.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 8, 2008.

                                                                                                              */s/ Frank Rodriguez*
                                                                                                                    DECLARANT

<u>APPENDIX 2</u>
(page 1 of 1)