UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 C 6661 |
| | ) | (01 CR 567-2) |
| | ) | Chief Judge James F. Holderman |
| | ) | |
| FRANK RODRIGUEZ | ) | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following response to the Court's August 14, 2007, Order requesting supplemental briefing on the application of *Kimbrough v. United States*, 128 S.Ct. 558 (2007) to the petition of defendant Frank Rodriguez to vacate, set aside or correct sentence, stating as follows:

**I.    BACKGROUND**

Rodriguez pleaded guilty on May 2, 2002 to Count One of the Indictment (charging him with conspiracy to possess with intent to distribute and to distribute over 50 grams of crack cocaine), and was sentenced to a term of 180 months' imprisonment on December 17, 2002. An amended sentencing order was entered on January 16, 2003.

On December 19, 2002, Rodriguez filed a notice of appeal of his conviction. On May 3, 2005, the Seventh Circuit issued a remand for the limited purpose of allowing the district court to clarify that it was a condition of Rodriguez's supervised release that he repay $3,000 in buy money and for proceedings consistent with *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In the

1

course of the *Paladino* remand, Rodriguez argued that the Court should reduce his sentence because of the disparity in sentencing between cases involving powder and crack cocaine. On November 8, 2005, the Court concluded that it would not have sentenced Rodriguez differently if it had known that the Sentencing Guidelines were not mandatory. Nov. 8, 2005 Order at 2. In addition, the Court noted that "this court does not wish to engage in a consideration of the question of the punishment of crack versus powder cocaine but instead believes that it should follow the Sentencing Guidelines as established by the Sentencing Guidelines Commission. *Id.* (citing *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005)). Rodriguez subsequently appealed the reasonableness of the Court's sentence.

On October 26, 2006, the Seventh Circuit affirmed the sentence imposed on Rodriguez (the "October 26, 2006 Order") and issued its mandate on November 17, 2006.[1] On February 9, 2007, the Court issued an amended judgment (the "February 9, 2007 Order") as to Rodriguez to clarify that the $3,000 in buy money should be considered as a condition of supervised release. Rodriguez never filed an appeal from the February 9, 2007 Order or the October 26, 2006 Order.

Rodriguez originally filed a motion pursuant to 28 U.S.C. § 2255 on November 20, 2006. On January 17, 12007, this Court dismissed that motion as premature because the Court had not yet filed an amended judgment in response to the October 26, 2006 Seventh Circuit opinion. On November 27, 2007, Rodriguez filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "November 27 Motion").

---

[1] The October 26, 2006, Order also affirmed the sentence of Rodriguez's co-defendant, Pedro Castillo. Castillo subsequently filed a petition for writ for certiorari with the Supreme Court on December 28, 2006, which was granted on January 14, 2008. The judgment against Castillo was vacated and the case remanded for further consideration in light of *Kimbrough*. The Seventh Circuit subsequently vacated the October 26, 2006, Order as to Castillo.

## II.     ANALYSIS

In the November 27 Motion, Rodriguez challenged his conviction and sentence on three different grounds.  None of those arguments, however, are factually related to any argument he might make under *Kimbrough*.  That is significant because it means that Rodriguez cannot amend the November 27 Motion to include a *Kimbrough* argument.  Accordingly, the government does not believe that *Kimbrough* has any application to the instant § 2255 motion. Instead, Rodriguez would have to bring any such claim as part of a successive § 2255 motion, which currently he could not do.  However, the government believes that Rodriguez would likely be eligible for a reduction in his guideline range pursuant to Amendment 706 to the Sentencing Guidelines.

### A.     Rodriguez Is Currently Barred From Raising an Argument Under *Kimbrough*

Rodriguez cannot amend his current §2255 petition to encompass a *Kimbrough*-type argument because any such argument would be factually unrelated to the claims Rodriguez brought in his original petition.  As a result, Rodriguez cannot bring any such claim without bringing a successive §2255 petition.  At this time, however, Rodriguez is barred from raising any such argument in a successive §2255 motion (although it is still possible up until December 10, 2008 that the Supreme Court might issue an opinion that would allow him to bring such a claim).

Rodriguez's sentence became "final" for purposes of the time limits set in 28 U.S.C. § 2255(f)(2) on February 20, 2007 (e.g., as Rodriguez did not appeal from the February 9, 2007 Order, the judgment became final the day after his 10-day period to file a notice of appeal expired).  Thus, Rodriguez's ability to file a timely § 2255 petition expired on February 20, 2008.

As a result of that time bar, Rodriguez's ability to introduce new arguments is limited. Under Federal Rule of Civil Procedure ("Rule") 15(c)(2), amendments to a complaint made after

3

the statute of limitations has run may only be made if the amended pleading relates back to the original pleading because they both arise "out of the conduct, transaction, or occurrence." Rule 15(c)(2); *Mayle v. Felix*, 125 S.Ct. 2562, 2569 (2005). To satisfy Rule 15(c)(2), Rodriguez must show that there is "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 125 S.Ct. at 2572 (quoting *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)); *see also* 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15-82 (3d ed. 2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

Here, there is no *Kimbrough*-style argument that Rodriguez could make that was factually related to the claims that he originally brought in the November 27 Motion. Rodriguez made three arguments in the November 27 Motion: 1) his guilty plea was unknowing and involuntary because his trial counsel had given him incorrect advice that he should plead guilty to the conspiracy to distribute crack cocaine notwithstanding Rodriguez's current assertion that he only conspired to distribute powder cocaine; 2) the district court incorrectly enhanced Rodriguez's sentence by finding that he qualified for an obstruction of justice enhancement; and 3) his appellate counsel was ineffective for failing to appeal the Court's denial of Rodriguez's motion to withdraw his guilty plea.

Rodriguez's first claim is closest to the mark, but cannot be considered factually related to any potential *Kimbrough* argument for purposes of Rule 15(c)(2). First, Rodriguez's original claim relates to his plea of guilty and his defense counsel's ostensible failures of investigation that lead to that plea. There is no relation to what happened at Rodriguez's sentencing in that claim. Further, Rodriguez's original argument rests on the factual premise that Rodriguez did not actually deal crack cocaine. That premise, however, is directly contrary to any *Kimbrough* argument that Rodriguez

4

could make because any such argument would have to proceed from the premise that Rodriguez was being sentenced for dealing crack cocaine (but argue that his sentence should more closely resemble a powder cocaine sentence).  The basis for a *Kimbrough*-type argument rests on policy and legal arguments about the similarities between cocaine and powder cocaine and the efforts of the Sentencing Commission to redress the disparity between sentences involving the two drugs.  *See Kimbrough*, 128 S.Ct. at 566-569.  It is not dependent on the facts of the case.  Accordingly, Rodriguez's argument about the circumstances of his decision to plead guilty is not so factually related to a *Kimbrough* argument that he should be allowed to amend his petition.

Rodriguez's second and third claims are even more remote from *Kimbrough*.  The second claim relates to his sentencing, but on an issue (the obstruction of justice enhancement he received for writing a threatening letter from jail and for committing perjury) unrelated to *Kimbrough*.  Similarly, his third claim simply has nothing factually to do with any *Kimbrough* argument he might make.

Accordingly, Rodriguez should not be permitted to amend the November 27 Motion to include a *Kimbrough*-style claim.[2]  Instead, Rodriguez would have to bring any kind of *Kimbrough* argument procedurally as a second and successive § 2255 motion.

### B.    Rodriguez is Currently Barred From Bringing a *Kimbrough* Argument In a Successive Habeas Petition

Rodriguez's ability to raise a *Kimbrough* argument in a successive § 2255 motion, however, is also limited.  Again, as the one-year time period for § 2255 claims contemplated by § 2255 ¶ 6(1)

---

[2] If Rodriguez is precluded from making such an argument by Rule 15(c)(2) and the statute of limitations, it follows that the Court would similarly be barred from entertaining such a motion *sua sponte*.

has passed, Rodriguez would need to take qualify for an exception to the statute of limitations to make the claim. The only apparent exception that might apply here is the one contained in § 2255 ¶ 6(3), which allows applicants one year from the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

To date, the Supreme Court has not conclusively determined, however, that *Kimbrough* is either a new rule or that it applies retroactively. That failure is dispositive for Rodriguez's ability to advance a *Kimbrough* argument on a second § 2255 motion, as *Dodd v. United States*, 125 S.Ct. 2478, 2482 (2005) held that the Supreme Court had to both recognize the new right *and* declare it retroactive within one year for the exception in §2255 ¶6(3) to apply to applicants filing a second or successive § 2255 petition. *Dodd* acknowledged that this would make it "difficult" for such applicants to obtain relief because of the relatively limited circumstances where the Supreme Court both recognized a right and made it retroactive within a year, but concluded that this was what the statute required. *Id.* at 2483.

Accordingly, unless the Supreme Court decides prior to December 10, 2008, that *Kimbrough* announced a new rule that should be applied retroactively (and Rodriguez makes a timely motion that otherwise complies with the requirements for successive § 2255 motions), then Rodriguez will be barred from making such a motion.[3]

---

[3] Even if Rodriguez were permitted to make a *Kimbrough* argument, he would still be unable to show a constitutional violation. The sentence imposed on Rodriguez was not imposed in violation of the Constitution. *Kimbrough* did not hold that, as a matter of due process, district courts must take into account the powder-crack disparity and correct for it in crack cases; rather, it only held that district courts can do this if they wish. *Kimbrough*, 128 S.Ct. at 564. Thus, *Kimbrough* does not entitle any crack defendant to a lower sentence than the one called for by the crack Guideline.

### C. Rodriguez Is Eligible For a Reduction Pursuant to Amendment 706

In contrast to the situation presented by *Kimbrough*, Rodriguez would be eligible for a reduction in his sentence pursuant to Amendment 706 to the Sentencing Guidelines. The Court is free to raise a motion for reduction pursuant to Amendment 706 on its own motion. *See United States v. Taylor*, 520 F.3d 746, 748 (7th Cir. 2008) (noting that judge can make such a motion of his own initiative) Here, based on the government's current understanding of Rodriguez's behavior while in prison, the government would agree that Rodriguez should receive a two-level reduction in his guideline range if the Court or Rodriguez were to bring such a motion.

Amendment 706 reduced the guideline range applicable to Rodriguez's case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 30, pursuant to amended Section 2D1.1; when combined with the other guideline applications made earlier, the new total adjusted offense level is 32. At the established criminal history category of II, this would result in a sentencing range of 135-168 months. This is a reduction from the previously applied range of 168-210 months.

Although Rodriguez may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, even when the guideline range is actually reduced, whether to reduce the sentence "is a matter . . . which lies within the peculiar discretion of the district court." *United States v. Tidwell*, 17 F.3d 946, 949 (7th Cir. 1999); *see also United States v. Vautier*, 144

F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary").[4]

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence, which was not the case here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under

---

[4]Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. *Id.* appl. n. 1(B)(I); *see also* U.S.S.G. § 1B1.10 background cmt. ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir. 1993); *United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992); *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[5]  Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10 app. note 3.

With the two-level limit of the reduction in mind, the government acknowledges that, based on a consideration of the § 3553(a) factors, it would agree to a motion for a reduction in Rodriguez's sentence to a term within the reduced Guidelines range.

### III.  CONCLUSION

For the reasons stated above, the government does not believe that Rodriguez is eligible to bring a *Kimbrough*-style claim, and thus *Kimbrough* has no current application to Rodriguez's motion.

                                   Respectfully submitted,

                                   PATRICK J. FITZGERALD
                                   United States Attorney


                            By:    s/Christopher S. Niewoehner
                                   CHRISTOPHER S. NIEWOEHNER
                                   Assistant United States Attorney
                                   219 South Dearborn Street
                                   Chicago, Illinois 60604
                                   (312) 353-3500

---

[5] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by First Class U.S. Mail on September 12, 2008, to the following non-ECF filer:

Frank Rodriguez
#13950-424
Beckley – FCI
P.O. Box 350
Beaver, WV  25813

s/Christopher Niewoehner
CHRISTOPHER NIEWOEHNER
Assistant United States Attorneys
219 South Dearborn
Chicago, Illinois  60604
(312) 353-3500